UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DARRELL DEWAYNE FULLER                                    PLAINTIFF

V.                              CIVIL ACTION NO. 3:22-CV-480-KHJ-MTP

COMMISSIONER OF SOCIAL SECURITY                         DEFENDANT

ORDER

Before the Court is the [16] Report and Recommendation of United States

Magistrate Judge Michael T. Parker. For the following reasons, the Court adopts

the Report's findings and the Magistrate Judge's recommendation.

I.      Background

Plaintiff Darrell Dewayne Fuller applied for supplemental security income in

January 2020. [16] at 1; Administrative R. [9] at 26. He alleged that he had been

disabled since January 7, 2020. *Id.* Fuller based his claim on seizures, high blood

pressure, short-term memory loss, and weakness in his hand. [16] at 1; [9] at 95, 100.

The Social Security Administration rejected Fuller's claim, both initially and

on reconsideration. [9] at 26. An Administrative Law Judge (ALJ) then conducted a

hearing. *Id.* at 39−69. As relevant here, the ALJ asked Fuller whether medicine

controlled his seizures and whether he could afford that medicine. *See id.* at 46−48.

The ALJ asked Fuller:

> Q: Do you have any seizures at all, when you're taking the medication
> as you are supposed to?
> A: Well, if I don't do—as long as I don't forget and everything—
> because the medicine is kind of, like—got—they're kind of, like,

high and everything—like, 500. One pill, they were 500 milligrams, kind of—one of them is 700, and if I forget. And, like, forget either—like, you know, I forget them. And, like—

Q: Okay. But that wasn't my question . . . . My question was, if you take it as the doctor has prescribed it—if you take it the right amount every day, and at the times you're told to take it—do you have seizures?

A: No, ma'am.

Q: All right. Were you trying to tell me that the medicine is too expensive for you to afford?

A: No, ma'am. And I was just saying, you know, I have—by me having, like, short-term memory—now, if I—as long as I don't forget it and everything, it's okay. That's all I was saying.

Q: Okay.

A: Just saying, but otherwise, the medicine controls the seizures.

*Id.* at 47−48. Fuller's counsel then questioned Fuller, called a witness on Fuller's behalf, and questioned the Social Security Administration's Vocational Expert. *See id.* at 56−61, 64−69. No witness offered testimony indicating that Fuller could not pay for his seizure medicine. *See id.*

In October 2021, the ALJ decided that Fuller was not disabled. [16] at 2; [9] at 26. The ALJ found that "[r]ecords of [his] seizures and treatment are consistent with his testimony that he does not have seizures when he takes his medication as prescribed." [9] at 31.

Fuller requested Appeals Council review. *Id.* at 21. The Appeals Council stated that it would consider new evidence only if Fuller showed "good cause for why [Fuller] missed informing [them] about or submitting it earlier." *Id.*; *see also* 42 U.S.C. § 405(g). The Appeals Council explained that any such evidence must be material and relate to the period "on or before the date of the hearing decision." *Id.* Fuller submitted a letter by a Family Nurse Practitioner—dated August 3, 2022—

2

stating that Fuller "struggles to pay for his medications monthly and is assisted by his sister." *Id.* at 10. The Appeals Council then denied Fuller's request for review. *Id.* at 5.

Magistrate Judge Michael T. Parker issued a Report recommending that the Court dismiss Fuller's case with prejudice. [16] at 1. The Magistrate Judge found that the ALJ did not err in her analysis of Fuller's mental impairments and memory loss, or Fuller's seizure disorder. *Id.* at 4–13.

Fuller timely objected to the Magistrate Judge's analysis of Fuller's seizure disorder. *See* [17] at 2–3. He argued that "[t]he record is replete with references to [Fuller's] inability to afford his needed seizure medications." *Id.* at 2.

## II.     Standard

The Court reviews de novo the portions of the Report to which Fuller objects. *See* 28 U.S.C. § 636(b)(1). The Court must uphold the Commissioner's decision if it is "supported by substantial evidence and . . . the Commissioner used the proper legal standards to evaluate the evidence." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance." *Id.* (quotation omitted).

The Court reviews the remaining portions under a clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court is not "required to reiterate the findings

and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citation omitted).

   III.   Analysis

   A.  Fuller's Seizure Disorder

The Report was correct as to Fuller's seizure disorder. Substantial evidence supported the ALJ's conclusion, and Fuller's new evidence does not warrant a remand.

Substantial evidence revealed that Fuller could afford his seizure medicine. Between the alleged onset date and the ALJ's decision date, no evidence shows Fuller could not afford that medication. [9] at 26. In fact, the ALJ asked Fuller at his hearing: "Were you trying to tell me that the medicine is too expensive for you to afford?" *Id.* at 47. Fuller answered, "No." *Id.* He continued, "[A]s long as I don't forget it and everything, it's okay. . . . [T]he medicine controls the seizures." *Id.* at 47–48. Fuller's counsel questioned Fuller and two other witnesses—but never elicited any testimony that Fuller could not afford his seizure medicine. *See id.* at 56–61, 64–69.

Fuller objects that the record is "replete with references to Plaintiff's inability to afford his needed seizure medications," but those references correspond to Fuller's 2018 application, not his 2020 application. [17] at 2; [16] at 13. The ALJ rejected Fuller's earlier claim, noting:

> [R]ecords show that he was advised to follow up at the Medical Mall due to lack of insurance and he agreed to do so; however, there is no evidence that he actually sought such services. Similarly, it was noted that social work would be contacted regarding his inability to pay for

4

> medications and he was given the number to financial counseling
> assistance and instructed to contact them, but it does not appear that
> the claimant chose to pursue such options.

[16] at 12; [9] at 77. Fuller has offered no evidence that he pursued those options. *See Chandler v. Saul*, No. 3:19-CV-1266, 2020 WL 6321918, at *8 (N.D. Tex. Oct. 27, 2020) ("An inability to afford treatment by itself is insufficient . . . . A claimant must also show that he could not obtain medical treatment from other sources, such as free or low-cost health clinics."); [16] at 12. In any case, the Magistrate Judge was correct that Fuller identified (at most) one record "during the relevant time period." [16] at 12–13. And even if there were any conflict between the past evidence and Fuller's testimony, "[c]onflicts in the evidence are for the Secretary and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

The Family Nurse Practitioner's letter does not warrant a remand. "To justify a remand, 42 U.S.C. § 405(g) requires that the evidence is 'new' and 'material' as well as a showing of 'good cause' for failing to provide this evidence at the original proceedings." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Materiality turns on "(1) whether the evidence relates to the time period for which the disability benefits were denied, and (2) whether there is a reasonable probability that this new evidence would change the outcome of the Secretary's decision." *Id.*

Fuller's new evidence does not satisfy those requirements. The Report is correct that Fuller provided "no explanation, let alone good cause," for failing to present the evidence earlier. [16] at 9. Moreover, the new evidence fails both materiality prongs. First, the letter does not relate to the relevant time period. *See*

[9] at 10 (failing to provide any information about the time period of January 2020, the alleged onset date, to October 2021, the ALJ's decision date). Second, the letter states only that Fuller "struggles to pay for his medications monthly and is assisted by his sister." *Id.* That language is not tailored to Fuller's seizure medicine, does not state that Fuller cannot afford that medicine, and indicates that Fuller receives financial assistance from his sister.

Accordingly, the Court agrees with the Magistrate Judge's finding, which the Court adopts.

### B.  Remainder of Report

The Court also finds the remaining portions of the Report are not clearly erroneous or contrary to law. The Court therefore adopts the Magistrate Judge's findings and recommendation, affirms the Commissioner's final decision, and dismisses this matter with prejudice.

## IV.    Conclusion

IT IS, THEREFORE, ORDERED AND ADJUDGED that the [16] Report and Recommendation of United States Magistrate Judge Michael T. Parker should be, and is, adopted as the findings of this Court.

IT IS, FURTHER, ORDERED AND ADJUDGED that Fuller's claims be DISMISSED WITH PREJUDICE.

SO ORDERED, this 25th day of August, 2023.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE